UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHELLE KAISER, MIKE JONES, HEATHER COLVIN, DUSTIN CHANCELLOR, STEPHANIE RICHARDSON, HEATHER SUTHERLAND, KATHY STILL, STEVEN KRIZ, JAMIE ASHTON, ERIC THOMPSON, JESSICA INGRAM MATT LAUGHLIN AND REBECCA CANTRELL | § § § § § § § § § § § | |
| PLAINTIFFS | § § § | CASE NO. 08 CV-586 TCK-FHM |
| AT THE BEACH, INC. | § § § § | |
| DEFENDANT | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE CONSENTS AND NOTICES OF FILING OF CONSENT FOR HEATHER COLVIN, MEGAN BALAKUS AND CHARLOTTE SHIPLEY AS PARTY PLAINTIFFS**

Come now plaintiffs Michelle Kaiser, Mike Jones, Heather Colvin, Dustin Chancellor, Stephanie Richardson, Heather Sutherland, Kathy Still, Steven Kriz, Jamie Ashton, Eric Thompson, Jessica Ingram, Matt Laughlin and Rebecca Cantrell (hereinafter the "Plaintiffs") and file their Plaintiffs' Response to Defendant's Motion to Strike Consents and Notices of Filing of Consent for Heather Colvin, Megan Balakus and Charlotte Shipley as Party Plaintiffs (the "Response"). In support of the Response the Plaintiffs would respectfully show:

**PROCEDURAL HISTORY**

1. On March 5, 2009 the defendant At the Beach, Inc. ("ATBI") filed its

Defendant's Motion to Strike Consents and Notices of Filing of Consent for Heather Colvin, Megan Balakus and Charlotte Shipley as Party Plaintiffs (the "Motion to Strike"). The Motion to Strike seeks an order from the Court striking the previously filed consents to become party plaintiffs of two opt in plaintiffs and one named plaintiff based upon the fact that they did not move for leave to file an amendment to the pleadings pursuant to Fed. R. Civ. Pro. 15(a) and receive an order allowing same prior to their filing their respective Consents to Become Party Plaintiffs. .

2. The case was originally filed by nine (9) of the Plaintiffs October 2, 2008 on behalf of all ATBI present and former similarly situated employees pursuant to 29 U.S.C. § 216(b) as a potential collective or class action seeking to recover unpaid minimum wages, regular wages, overtime compensation, liquidated damages, attorneys' fees and costs under the provision of Section 16(b) of the Fair Labor Standards Act of 1938 as amended 29 U.S.C. Section 216(b) (the "FLSA") as well as a second cause of action under Oklahoma state law for improper payroll deductions..

**ARGUMENT AND ANALYSIS**

**I.  The Motion to Strike Fundamentally Misunderstands the Rationale for Requiring FLSA Plaintiffs to File Written Consents to Become Party Plaintiffs**

ATBI initially claims:

> **This lawsuit is a Fair Labor Standards Act (FLSA) action.  Under Section 216 of the FLSA, plaintiffs are required to consent ("opt-in") to be included in this action.  See 29 U.S.C. § 216(b) and *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989).  The rationale behind the requisite consent is to demonstrate that the plaintiffs are "similarly situated".**

Motion to Strike at page 2.

ATBI is simply incorrect in its claim that the rationale behind the requirement that all FLSA plaintiffs file a written consent to become a party plaintiff is to demonstrate that the plaintiffs are 'similarly situated.' As the following quote from the Hoffman-LaRoche case illustrates the purpose of the written consent requirement is to limit private FLSA plaintiffs to employees who assert claims in their own right. In Hoffman-LaRoche the United States Supreme Court held:

> **We reject petitioner's contention that court involvement in the notice process would thwart Congress' intention to relieve employers from the burden of multiparty actions, as expressed in the 1947 amendments to the FLSA. In 1938, Congress gave employees and their "representatives" the right to bring actions to recover amounts due under the FLSA. No written consent requirement of joinder was specified by the statute. In enacting the Portal-to-Portal Act of 1947, Congress made certain changes in these procedures. In part responding to excessive litigation spawned by plaintiffs lacking a personal interest in the outcome, the representative action by plaintiffs not themselves possessing claims was abolished, and the requirement that an employee file a written consent was added. See 93 Cong. Rec. 538, 2182 (1947) (remarks of Sen. Donnell). <u>The relevant amendment was for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions.</u> Portal-to-Portal Act of 1947, ch. 52, 5(a), 6, 7, 61 Stat. 87-88. Congress left intact the "similarly situated" language providing for collective actions, such as this one. The broad remedial goal of the statute should be enforced to the full extent of its terms.**

Hoffman-LaRoche at 174**.,** emphasis supplied**.**


II.     The Motion to Strike Erroneously Concludes that a Representative or Collective Action Requires a Fed. R. Civ. Pro. 15(a) Amendment to the Pleadings to File Consents to Become Party Plaintiffs

The Motion to Strike prays:

> **WHEREFORE, defendant respectfully moves this Court to strike the following for failure to comply with Fed. R. Civ. P. 15 and for being out-of-time with the *Scheduling Order*:**

3

> **(a) Consents for Heather Colvin and Megan Balakus to Become Party Plaintiffs [Doc. 22-2] and the Notice of Filing of Consent for Colvin and Balakus [Doc. 22] filed on February 19, 2009; and**
>
> **(b) Consent for Charlotte Shipley to Become Party Plaintiff [Doc. 23-2] and the Notice of filing of Consent for Charlotte Shipley [Doc. 23] filed on March 1, 2009]**

ATBI cites absolutely no authority of any type whatsoever in support of its conclusion that FLSA plaintiffs must obtain a Fed. R. Civ. Pro. 15(a) order allowing an amendment to pleadings before filing consents to become party plaintiffs. In fact, there is no requirement that either named or opt in plaintiffs seek a Fed. R. Civ. Pro. 15(a) amendment to merely file consents to become party plaintiffs. Title 29 U.S.C. § 216(b) provides in pertinent part:

> **…An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought….**

The statute of limitations for employees filing consents to become party plaintiffs is found at 29 U.S.C. § 256(b). This section provides:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], the Walsh-Healey Act [41 U.S.C. 35 et seq.], or the Bacon-Davis Act,(!1) shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant -
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear - on the subsequent date on which such written consent is filed in the court in which the action was commenced.

There is absolutely no mention in the FLSA of the requirement of requesting and receiving permission from the Court pursuant to Fed. R. Civ. Pro. 15(a) each time a consent to become party plaintiff is filed. To require a separate motion and order each time an opt in plaintiff seeks to join a collective action would add a great deal of unnecessary administrative burden to the Court. In some large FLSA collective actions hundreds if not thousands of opt in plaintiffs file consents.

In <u>Brown v. Dunbar & Sullivan Dredging Co</u>., 189 F.2d 871, 874-75 (2nd Cir. 1951) the Second Circuit Court of Appeals affirmed a judgment in favor of the FLSA employee plaintiffs finding that neither a Fed. R. Civ. Pro. 15(a) motion nor a court order were necessary for plaintiffs to file consents. The court held:

> **We might pass all this with the observation that there is surely no reversible error in the ultimate result. But for the sake of completeness we add that, first, no formal amendment was necessary to preserve the plaintiffs' rights under the Act and, second, the judge did have authority under F.R. 15(a) to grant the amendment, as he did. The Act is quite clear that an action is to be considered commenced, in the case of an individual claimant not originally named or his written consent then filed, 'on the subsequent date on which such written consent is filed in the court in which the action was commenced.' 29 U.S.C.A. § 256(b). Nothing is said as to amendment; nor is there any such requirement as to representative suits under the civil rules. See F.R. 23. So once the consents were filed in the allotted time the plaintiffs' rights were safeguarded. If then amendments were presented, the judge could consider them in the interest of orderly procedure and in the spirit of the free amending privileges contemplated by the rules, with no time barriers involved. See also Bartels v. Piel Bros., supra. After all, the rules were intended to facilitate the application of substantive law, not to fight it.**

.                                               **PRAYER**

Wherefore, Plaintiffs pray the Court deny the Motion to Strike in its entirety in addition to the Court grant all further relief the Court deems just and equitable.

Respectfully submitted,

s/ J. Vince Hightower
J. Vince Hightower
OBA # 10333
1209 Idyllwild Street
Broken Arrow, Oklahoma, 74011
(918) 451 1121 or 592 8800
(918) 451 1477
Email jvh255@aol.com

Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 23rd day of March 2009 I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Richard C. Ogden
Mulinix Ogden Hall Andrews & Ludlam, PLLC
Oklahoma Tower
210 Park Avenue
Suite 3030
Oklahoma City, Oklahoma, 73102

s/ J. Vince Hightower
J. Vince Hightower