# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE KAISER, et al., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 08-CV-586-TCK-FHM |
| ) | |
| AT THE BEACH, INC., ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion for First Stage Collective Action Certification (Doc. 11); Defendant At The Beach, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 16); Defendant's Motion to Strike Consents and Notices of Filing of Consent for Heather Colvin, Megan Balakus, and Charlotte Shipley as Party Plaintiffs (Doc. 24); Defendant's Motion to Strike Heather Sutherland and Matt Laughlin as Party Plaintiffs (Doc. 32); Defendant's Motion for Default Judgment as to Claims Brought by Plaintiffs Heather Sutherland and Matt Laughlin and for Attorney Fees (Doc. 49); and Defendant's Motion to Extend Remaining Case Deadlines (Doc. 51).

**I.     Factual Background**

On October 20, 2008, Plaintiffs Michelle Kaiser ("Kaiser"), Mike Jones ("Jones"), Heather Colvin ("Colvin"), Dustin Chancellor ("Chancellor"), Stephanie Richardson ("Richardson"), Heather Sutherland ("Sutherland"), Kathy Still ("Still"), Steven Kriz ("Kriz"),[1] Jamie Ashton ("Ashton"), Eric Thompson ("Thompson"), Jessica Ingram ("Ingram"), Matt Laughlin ("Laughlin"), and Rebecca Cantrell ("Cantrell") filed their First Amended Complaint against their former employer Defendant At The Beach, Inc. ("ATBI"), alleging that: (1) ATBI failed to pay Plaintiffs

---

[1] On August 7, 2009, Kriz filed a stipulation of dismissal.

overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA") ("FLSA claims"); and (2) ATBI took payroll deductions from Plaintiffs' wages in violation of Oklahoma law ("state law claims"). Plaintiffs brought this action on their behalf and "on behalf of all ATBI present and formerly similarly situated employees pursuant to 29 U.S.C. § 216(b) as a collective or class action seeking to recover unpaid minimum wages, regular wages, overtime compensation, liquidated damages, [and] attorneys' fees and costs under the [FLSA]." (First Am. Compl. 1.) The First Amended Complaint alleges that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

On December 3, 2008, Plaintiffs filed a Motion for First Stage Class Certification of the FLSA claims pursuant to 29 U.S.C. § 216(b). Also on December 3, 2008, named Plaintiffs Richardson, Still, Cantrell, Chancellor, Ingram, Jones, Thompson, Ashton, Kaiser, and Kriz and new putative plaintiffs Jodi McCullough ("McCullough") and Alyssa Carmody ("Carmody") filed documents entitled "Consent to Become Party Plaintiff" ("Consents"). On January 14, 2009, ATBI filed a motion to dismiss Plaintiffs' FLSA claims.

On January 23, 2009, the Court entered a scheduling order, which set a deadline of February 20, 2009 for motions to join or amend. On February 19, 2009, named Plaintiff Colvin and Megan Balakas ("Balakas") filed Consents. On March 1, 2009, Charlotte Shipley ("Shipley") filed a Consent. On March 5, 2009, ATBI moved to strike the Consents of Colvin, Balakas, and Shipley as untimely because they were filed outside the February 20, 2009 deadline for motions to join or amend. On May 13, 2009, ATBI moved to strike Sutherland and Laughlin as Plaintiffs, arguing that these two named Plaintiffs had not filed Consents. On September 15, 2009, ATBI moved for default judgment against Sutherland and Laughlin, arguing that Sutherland and Laughlin did not intend to prosecute their claims against ATBI and that ATBI was entitled to attorney fees incurred in relation

2

to these Plaintiffs. On October 29, 2009, ATBI filed an opposed motion to extend all remaining case deadlines for an additional six months.

## II.     ATBI's Motion to Dismiss FLSA Claims[2]

In its motion to dismiss, ATBI argues that all Plaintiffs waived their right to sue under the FLSA by "accepting" certain payments from ATBI, which were authorized and directed by the United States Department of Labor ("DOL"). ATBI did not cite the procedural basis for its "motion to dismiss." Because ATBI's motion was filed after it filed a responsive pleading, its motion to dismiss must be treated as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these [12(b)] defenses must be made before pleading . . . ."); Fed. R. Civ. P. 12(c) (allowing motions for judgment on the pleadings to be filed after pleadings are closed but early enough not to delay trial); *Lipari v. US Bancorp NA*, No. 08-3287, 2009 WL 2055125, at *2 (10th Cir. July 16, 2009) (unpublished) (holding that district court permissibly treated Rule 12(b)(6) motion as though it had been styled under Rule 12(c)). As a general matter, Rule 12(c) motions for judgment on the pleadings are evaluated in the same manner as Rule 12(b)(6) motions to dismiss. *See Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009). However, "when a motion for judgment on the pleadings is filed and matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56." *S.E.C. v. Wolfson*, 539 F.3d 1249, 1264 (10th Cir. 2008) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(d) (same). In addition, upon conversion, a plaintiff

---

[2] Although ATBI's motion requests dismissal of the entire First Amended Complaint, ATBI made no arguments regarding the state law claims.

3

"must be given an opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

In this case, ATBI has attached evidentiary material to its motion. Specifically, ATBI attached the Affidavit of Cindy Stuart ("Stuart"), Corporate Office Manager for ATBI. Therein, Stuart testified that: (1) the DOL sent ATBI a Notice for Compliance Review on June 10, 2008; (2) upon conclusion of the compliance review, the DOL submitted to ATBI a "Summary of Unpaid Wages" ("Summary"), which set forth the amount of unpaid wages due to certain ATBI employees;[3] (3) on October 16 and 17, 2008, ATBI mailed checks in the amounts specified in the Summary to these employees; and (4) the checks were accompanied by a "Receipt for Payment of Lost or Denied Wages, Employment Benefits, or Compensation," which is also known as DOL Form WH-58 ("Form WH-58"). (*See* Stuart Aff., Ex. 1 to ATBI's Mot. to Dismiss.)[4]

Attached as Exhibits 2-4 and 7-13 to the Stuart Affidavit are Form WH-58s, executed by Stuart on behalf of ATBI, accompanied by copies of ATBI checks in various amounts made out to the following Plaintiffs: Ashton (Ex. 2), Cantrell (Ex. 3), Chancellor (Ex. 4), Jones (Ex. 7), Kaiser (Ex. 8), Kriz (Ex. 9), Laughlin (Ex. 10), Richardson (Ex. 11), Still (Ex. 12), and Sutherland (Ex. 13). Attached as Exhibit 5 to the Stuart Affidavit are a Form WH-58 and copy of check sent to Colvin as well as a copy of the check signed and cashed by Colvin. Attached as Exhibits 6 and 14 are Form

---

[3] A redacted version of the Summary is attached as Exhibit 15 to ATBI's motion to dismiss.

[4] Form WH-58 states in pertinent part that an employee's "acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for back wages under Section 16(b) of the Act." (*See, e.g.*, Ex. 2 to ATBI's Mot. to Dismiss.)

4

WH-58s that are addressed to Ingram (Ex. 6) and Thompson (Ex. 14) but are not executed by Stuart or any other ATBI employee. In addition, these forms are not accompanied by any check copies.

ATBI's evidence, which relates to the question of whether Plaintiffs "accepted" payment from ATBI and therefore waived their FLSA claims, is essential to its motion. Plaintiffs argued in their response brief that they needed discovery to properly respond to this evidence. Accordingly, the Court converts ATBI's motion to one for summary judgment and will not require Plaintiffs to respond to the motion until after the close of discovery. Specifically, Plaintiffs will be required to file a response to ATBI's motion eighteen days following the dispositive motion deadline.[5]

### III.     Plaintiffs' Motion for First Stage Collective Action Certification of FLSA Claims

The FLSA provides:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The Tenth Circuit described § 216(b) as an "opt-in class action mechanism" and explained that § 216(b) "provide[s] for a class action where the complaining employees are similarly situated." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).[6] Section 216(b) collective actions are distinct from class actions certified pursuant to Federal Rule

---

[5] The Court anticipates that ATBI will file a second dispositive motion making similar or identical arguments to those raised in its initial motion. Such motion will likely be more thorough and include reference to Plaintiffs added since the filing of the initial motion. If so, it is the Court's preference that ATBI withdraw this initial motion and include all relevant arguments in one Rule 56 motion.

[6] *Thiessen* involved a collective action under the Age Discrimination in Employment Act ("ADEA"). However, because the ADEA adopts the class-action mechanism set forth in § 216(b) of the FLSA, the *Thiessen* decision applies to collective actions under § 216(b).

of Civil Procedure 23, although "[m]any courts and commentators [] have used the vernacular of the Rule 23 class action for simplification and ease of understanding when discussing representative cases brought pursuant to § 16(b) of the FLSA." *Thiessen*, 267 F.3d at 1102 (internal quotation marks omitted).[7]

The "overriding question" in certifying a collective action under § 216(b) is whether the named plaintiffs and any other opt-in plaintiffs are "similarly situated." *Id.* Although there are varying approaches to this question, the Tenth Circuit has expressly authorized an *ad hoc* approach consisting of two stages. In the first stage, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* During this first stage, plaintiffs face the relatively light burden of making "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (internal quotation marks omitted); *see also Hintergerger v. Catholic Health Sys.*, No. 08-CV-380, 2009 WL 3464134, at * 4 (W.D.N.Y. Oct. 21 2009) (unpublished) (holding, in FLSA context, that "[t]he evidentiary standard is lenient at this stage" and that "plaintiffs need make only a modest factual showing that they and the other putative collective action members together were victims of a common policy or plan that violated the law") (internal quotation marks omitted). If a court determines that a collective action should be certified for notice purposes, putative class members "are given notice and the opportunity to opt-in," and "the action proceeds as a representative action throughout

---

[7] "In a Rule 23 class action, each person who falls within the class definition is considered to be a class member and is bound by the judgment, favorable or unfavorable, unless he has opted out." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) (cited with approval in *Thiessen*). "By contrast, a putative plaintiff must affirmatively opt into a § 216(b) action by filing his written consent with the court in order to be considered a class member and be bound by the outcome of the action." *Id.*

discovery." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overr'd in part on other grounds*.

During the second stage, which occurs at the conclusion of discovery, a defendant typically files a motion to "decertify" the collective action. *Thiessen*, 267 F.3d at 1102-03. Upon ruling on the motion to decertify, "the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Id.* at 1103. If the claimants are indeed similarly situated, "the district court allows the representative action to proceed to trial.'" *Mooney,* 54 F.3d at 1214. "If the claimants are not similarly situated, the district court decertifies the class, []the opt-in plaintiffs are dismissed without prejudice," and "[t]he class representatives - *i.e.* the original plaintiffs - proceed to trial on their individual claims." *Id.*

In this case, Plaintiffs seek to certify a putative class consisting of all present and former ATBI salespersons, managers, and assistant managers. (*See* First Am. Compl. ¶ 7; Mot. for First Stage Collective Action Certification 4, 10.) Plaintiffs contend that these individuals were together the victims of a single decision, policy, or plan by ATBI – namely, ATBI's decision not to pay putative class members overtime for hours worked in excess of forty hours per week, despite that putative class members made salaries that were too low to exempt them from overtime requirements. (First Am. Compl. ¶ 7; Mot. for First Stage Collective Action Certification 4.) The Court finds that Plaintiffs' allegations are sufficient for the Court to conclude, for purposes of a first-stage classification, that members of the proposed class were victims of a common policy or plan that violated the law.[8]

---

[8] ATBI has not made any arguments that Plaintiffs were not the victims of a single decision or plan. ATBI's two arguments in opposition to this motion are addressed below.

The Court rejects the only two arguments made by ATBI in opposition to first-stage certification of the FLSA claims. First, ATBI contends that "[P]laintiffs themselves cannot maintain their own claims" because they have waived their FLSA rights by "accepting" certain payments from ATBI. For reasons explained *supra* Part II, the Court rejects ATBI's argument and finds that the question of waiver requires evidentiary analysis and must be reserved for later stages of the proceedings.

Second, ATBI argues that the mere presence of Plaintiffs' state law claims precludes certification of the FLSA claims. ATBI contends that: (1) the state law claims may only proceed as a class action under Federal Rule of Civil Procedure 23; and (2) FLSA collective actions and Rule 23 state law class actions are incompatible and cannot be brought together in one lawsuit. As to the first aspect of this argument, ATBI is correct. If and when Plaintiffs move the Court to certify the state law claims as a class action, they must do so pursuant to Rule 23. However, at this stage of the proceedings, Plaintiffs have not so moved. Nor is there any indication in the First Amended Complaint that Plaintiffs seek to certify the state law claims as a Rule 23 class action. Thus, it would be entirely speculative to assume that Plaintiffs will seek to certify the state law claims as a class action.

Even assuming Plaintiffs did seek simultaneous certification of an FLSA opt-in class (for purposes of their FLSA claims) and a Rule 23 opt-out class (for purposes of their state law claims), courts are split as to whether proceeding in such a manner is inherently "incompatible." *Compare*, *e.g.*, *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006) (reversing district court's denial of motion for Rule 23 class certification of state law claims and holding that "[w]hile there is unquestionably a difference – indeed, an opposite requirement – between opt-in and opt-out procedures, we doubt that a mere *procedural* difference can curtail section 1367's jurisdictional

8

sweep") *with Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006) (dismissing plaintiffs' class claims brought under Pennsylvania Minimum Wage Act based on inherent incompatibility between § 216(b) opt-in class action and Rule 23 opt-out class action) ("To allow an Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement."); *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) (denying motion for class certification of state law claims) ("[W]hile Section 1367(a) allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal collective action.").

There is no need for the Court to currently weigh in on this debate because Plaintiffs have not moved to certify the state law claims as a Rule 23 class action. Nor has ATBI moved to dismiss the state law claims. Instead, ATBI is attempting to use the "incompatibility" argument as grounds for denying first-stage certification of the FLSA claims, which appears to be a novel argument. The Court finds that the mere presence of Plaintiffs' state law claims is not grounds for denying Plaintiffs' motion for first-stage certification of the FLSA claims. While it may become necessary to explore the incompatibility problems in more detail in later stages of the proceedings if (1) the Court makes a second-stage determination that the FLSA claims will proceed on a class-wide basis, and (2) Plaintiffs seek class certification of the state law claims, the Court need not do so now.

Accordingly, Plaintiffs' Motion for First Stage Collective Action Certification is granted, and Plaintiffs are authorized to notify these potential class members identified in the First Amended Complaint. "[C]ourts routinely set deadlines of sixty days for potential plaintiffs to opt in." *Hintergerger*, 2009 WL 3464134, at * 4. However, in this case, the Court's ruling on Plaintiffs'

motion for first-stage certification is being made at a time when litigation has substantially progressed. Plaintiffs have proceeded to file consents of opt-in plaintiffs, indicating that many potential plaintiffs have already been notified. In addition, certain statements by Plaintiffs in their briefs indicate that Plaintiffs have largely concluded the notification process and are ready to proceed to trial.[9] Accordingly, the Court finds an additional notice period of thirty days is sufficient in this case.[10] All consents to opt in to the FLSA claims must be filed no later than thirty days from the date of this Order.[11]

**IV.  ATBI's Motion to Strike Consents for Colvin, Balakus, and Shipley as Untimely**

In this motion, ATBI contends that Plaintiffs' filing of these Consents is an "impermissible attempt to turn this action into a collective action without certification from this Court." (Mot. to Strike Consents 3.) ATBI further argues that, because the Consents were filed outside the Court's February 20, 2009 deadline for filing motions to amend the pleadings pursuant to Federal Rule of Civil Procedure 15(a), the Consents are untimely attempts to amend the First Amended Complaint.

ATBI's argument is largely moot in light of the Court's granting Plaintiff's motion for first-stage certification *supra* Part III. In light of such ruling, the Court finds no procedural problem with the filing of these Consents to add opt-in plaintiffs to the lawsuit. Indeed, filing of such consents is the proper procedure for adding opt-in plaintiffs who were not originally named in the complaint.

---

[9] On November 6, 2009, Plaintiffs filed a partial motion for summary judgment.

[10] If Plaintiffs intend to seek relief from this deadline, Plaintiffs shall promptly move the Court for such relief.

[11] If and to the extent any opt-in plaintiffs' claims fall outside the relevant statute of limitations, the Court finds that the expiration was due to the timing of this Court's ruling on the motion for certification and not due to Plaintiffs' lack of diligence. Accordingly, the Court equitably tolls the statute of limitations, and claims will be allowed for opt-in plaintiffs so long as consents are filed by the Court-imposed deadline of thirty days from the date of this Order.

10

*See* 29 U.S.C. § 216(b) ("No employee shall become a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought . . . ."); *id.* § 256(b) (explaining that, with respect to any individual claimants who were not named in the original complaint or who did not file a consent on the date the complaint was filed, their actions are considered commenced "on the subsequent date on which such written consent is filed in the court in which the action was commenced"); *Hintergerger*, 2009 WL 3464134, at * 14 ("An FLSA collective action is deemed commenced on the date of filing only for named party plaintiffs who have simultaneously filed a consent. The action commences for each putative plaintiff on the date the individual opts into the suit by filing his or her own written consent."). With this statutory procedure in place, Plaintiffs were not required to seek formal amendment pursuant to Rule 15(a) to add opt-in plaintiffs. *See Brown v. Dunbar*, 189 F.2d 871, 874 (2d Cir. 1951) (holding that "no formal amendment was necessary," in addition to the filing of consents, in order to become party plaintiffs in FLSA collective action).

**V.     ATBI's Motion to Strike Sutherland and Laughlin as Plaintiffs**

To date, named Plaintiffs Sutherland and Laughlin have not filed consents. According to ATBI, Plaintiffs' counsel has indicated that these named Plaintiffs have no intention of filing such consents. Plaintiffs argue that Sutherland and Laughlin may remain Plaintiffs because individuals who are named in the Complaint need not file consents to become formal parties. (*See* Pls.' Resp. to Mot. to Strike 3 ("Logic supports this as they are already party plaintiffs who will be bound by the outcome of the case as opposed to similarly situated employees who are not party plaintiffs and who must file consents to opt in to be bound by any judgment rendered in the action.").)

The Court holds that all Plaintiffs named in the First Amended Complaint, including Sutherland and Laughlin, must file consents in order to remain as Plaintiffs in the event the case

11

ultimately proceeds as a collective FLSA action. According to the plain language of § 216(b), in a collective action, "[n]o employee shall become a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought . . . ." 29 U.S.C. § 216(b); *see also Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999) ("[A]ll plaintiffs, including named plaintiffs, must file a consent to suit with the court in which the action is brought."). Accordingly, all Plaintiffs, including those named as class representatives, must file a consent to suit in order to remain parties to the FLSA collective action.

As explained above, the Court has set a deadline for the filing of consents no later than thirty days from the date of this Order. In the event Plaintiffs' FLSA claims are allowed to proceed as a collective action, any and all named Plaintiffs must have filed consents by the Court's deadline in order to remain parties to the collective action. However, dismissing Sutherland and Laughlin's FLSA claims would be premature at this time, and ATBI's motion is therefore denied.[12]

## VI.  ATBI's Motion to Extend Remaining Case Deadlines

On October 30, 2009, ATBI moved the Court for an extension of all remaining deadlines for a period of approximately six months in order to complete depositions of Plaintiffs and due to scheduling conflicts of ATBI's counsel. Plaintiffs oppose this request, arguing that taking depositions of all Plaintiffs is not necessary and that Plaintiffs are ready to proceed to trial in accordance with the current schedule.

---

[12] ATBI also moved for a "default judgment" as to Sutherland and Laughlin and moved for attorney fees. The Court finds no grounds for the entry of a default judgment against these Plaintiffs or for any award of attorney fees.

In light of the Court's rulings herein and the new deadline for filing consents, the parties are ordered to meet and confer regarding a new schedule to govern the remainder of the litigation. The parties are ordered to file and submit a Joint Proposed Second Amended Scheduling Order no later than fifteen days following entry of this Order. If the parties are unable to agree, the parties are ordered to file and submit separate Proposed Second Amended Scheduling Orders no later than fifteen days following entry of this Order. The current Scheduling Order is STRICKEN pending the parties' submissions and the Court's entry of a new schedule.

## VI. Conclusion

Plaintiffs' Motion for First Stage Collective Action Certification (Doc. 11) is GRANTED; Defendant At The Beach, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 16) is CONVERTED to a motion for summary judgment and remains pending; Defendant's Motion to Strike Consents and Notices of Filing of Consent for Heather Colvin, Megan Balakus, and Charlotte Shipley as Party Plaintiffs (Doc. 24) is DENIED; Defendant's Motion to Strike Heather Sutherland and Matt Laughlin as Party Plaintiffs (Doc. 32) is DENIED, without prejudice to refiling; Defendant's Motion for Default Judgment as to Claims Brought by Plaintiffs Heather Sutherland and Matt Laughlin and for Attorney Fees (Doc. 49) is DENIED; and Defendant's Motion to Extend Remaining Case Deadlines (Doc. 51) is DENIED. The parties are required to submit a new proposed schedule within fifteen days from the date of this Order as outlined above.

**IT IS SO ORDERED** this 24th day of November, 2009.

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**