# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHELLE KAISER, et al.,** )  )  **Plaintiffs,** )  )  vs. )  )  )  **AT THE BEACH, INC.,** )  )  **Defendant.** ) | Case No. 08-CV-586-TCK-FHM |

## OPINION AND ORDER

Before the Court are Defendant's Submission of Post-Trial Damages Calculations (Doc. 195) and Plaintiffs' three objections to such calculations (Doc. 198).[1]  The Court will address each of Plaintiffs' objections.

**I.      Objection Regarding Alyssa Carmody - SUSTAINED.**

The Court took under advisement the question of whether it would permit Plaintiff Alyssa Carmody to recover damages for the months of January-April 2008, which were omitted from her original trial damages exhibit but then submitted during the trial.  The Court inadvertently neglected to rule on this question in its Findings of Fact and Conclusions of Law.  Consistent with the Court's statements during trial (*see* Tr. 852:17-24), the Court hereby admits the revised damages exhibit into evidence and finds that Carmody shall be permitted to recover damages for this period.  Plaintiffs represent that the proper amount of Carmody's damages, once revised to include these months, changes from $2,446.47 to $5,012.18.  The Court's judgment reflects this revised amount of damages for Plaintiff Carmody.

---

[1] In its Findings of Fact and Conclusions of Law, the Court ordered the parties to meet and confer and attempt to resolve any disputes over the calculations.  These three objections are matters that the parties, despite their efforts, could not resolve.

**II.     Use of "Total Hours Worked" Divisor Where Call-in Shift Was Only Add-On Payment- OVERRULED.**

Plaintiffs argue that footnote 27 of the Court's Findings of Fact and Conclusions of Law is in error in (1) concluding that call-in shift payments must be included in the numerator of the regular rate equation; and (2) stating that such inclusion "ultimately benefits" Plaintiffs. Plaintiffs instead urge the Court to (1) construe the call-in shift payments as "extra compensation provided by a premium rate paid for certain hours worked . . . in excess of the maximum workweek," *see* 29 U.S.C. § 207(e)(5); 29 C.F.R. § 778.201 (explaining that exclusions in 29 U.S.C. § 207(e)(5)-(7) are the "three types of extra premium payments" that may be excluded from the regular rate and credited toward overtime compensation due); (2) exclude such payments from the regular rate; and (3) use a 40-hour divisor for any periods in which a call-in shift payment was the only "add-on" payment received.

By statute, certain types of extra compensation are not included in the numerator of the regular rate equation. Relevant to Plaintiff's argument is 29 U.S.C. § 207(e)(5), which excludes:

> extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee under subsection (a) of this section or in excess of the employee's normal working hours or regular working hours, as the case may be;

*Id.* In order to qualify for this exclusion, "the overtime rate must be greater than the regular rate, either a fixed amount per hour or a multiple of the nonovertime rate, such as one and one-third, one and one-half or two times that rate." 29 C.F.R. § 778.308(b). In this case, there was no evidence that the call-in shift payments represented a "premium" payment that was somehow greater than Plaintiffs' "regular rate" of pay as reflected in their monthly salaries. Thus, the Court found that such payments were not excludable under 29 U.S.C. § 207(e)(5) and were more akin to a lump-sum

2

payment under 29 C.F.R § 778.310. The Court overrules the substance of Plaintiff's second objection, and the calculations will remain as set forth in the Court's Findings of Fact and Conclusions of Law.

By stating that inclusion of the call-in shift payments in the regular rate "ultimately benefits" Plaintiffs, the Court simply meant that inclusion of the call-in shift payments increased the amount of the numerator used in the regular rate equation. To avoid confusion caused by this sentence, the Court hereby amends footnote 27 as follows:

> 27. Plaintiffs excluded category (4) – "other" payments for call-in shifts – from its calculation, while Beaucourt included it. When paid, this amount should be included in calculating Plaintiff's regular rate because it is not excluded by 29 U.S.C. § 207(e)(1)-(7) and it is expressly included by 29 C.F.R. § 778.310 (explaining that extra compensation paid in a lump sum for overtime hours must be included in the regular rate).

### III. Failure to Include All Commissions Paid in the Regular Rate - OVERRULED.

The Court elected to calculate the regular rate based on the amount of commissions paid in a given month, as proposed and presented by Beaucourt, rather than based on the amount of commissions earned in a given month. The latter would have required use of the next month's payroll data for calculating the previous month's regular rate. The Court made this decision in the interest of expediency and because Beaucourt's calculations were organized in a logical manner, with specific support and reference to the underlying payroll records.[2] This had the effect of excluding from the regular rate – for certain Plaintiffs' last months of employment – commissions paid in the following month. While admittedly imprecise, this is a necessary consequence of the Court's selected method. The Court finds that any imprecision in the calculations of amounts owed

---

[2] Plaintiffs' calculations were not presented in the form of one cohesive report supported by underlying payroll records and were more difficult to cross-check with the underlying records.

is sufficiently and fairly compensated by the Court's award of liquidated damages. *See generally Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1272 (10th Cir. 2011) (explaining that liquidated damages under the FLSA serve the purpose of compensating workers where damages are obscure and difficult of proof).

Accordingly, Plaintiffs' objections to Defendant's proposed damages calculations (Doc. 198) are sustained in part and overruled in part as set forth below. The Court will enter a final judgment consistent with the proposed calculations (Doc. 195) and this Order. Plaintiffs' Motion to Quash Subpoena and for Protective Order (Docs. 196, 197) are hereby referred to Magistrate Judge Frank H. McCarthy.

**IT IS SO ORDERED** this 12th day of April, 2012.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**